UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-00636-JVS (RNBx) | Date | December 19, 2014 |
| Title | Ceiva Logic Inc. v. Frame Media Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Granting Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction Against Defendant Frame Media (Fld 9-25-14) and Plaintiff's Motion for Entry of Default Judgment Against Defendant Digital Spectrum Solutions Inc.(Fld 11-10-14)**

Plaintiff Ceiva Logic, Inc. ("Ceiva") moves for default judgment and a permanent injunction against Defendant Frame Media, Inc. ("Frame Media") (Docket No. 167) and Defendant Digital Spectrum Solutions, Inc. ("DSS") (Docket No. 170). Ceiva also requests that the Court designate this case an exceptional case and award reasonable attorneys' fees pursuant to 35 U.S.C. § 285. (Docket Nos. 167, 170.) Neither Frame Media nor DSS has replied.

For the following reasons, Ceiva's motions are GRANTED.

I.    BACKGROUND

Ceiva brought this action for patent infringement on June 10, 2008. (Docket No. 1.) In its Complaint, Ceiva alleges that it owns all right, title, and interest in United States Patent No. 6,442,573 ("the '573 Patent") entitled "Method and Apparatus for Distributing Picture Mail to a Frame Device Community," which issued on August 27, 2002. (Compl. ¶¶ 10, 11, Docket No. 1.) Frame Media provides photo sharing services that enable users of digital picture frames to receive and display photos using a web-based photo-sharing service called FrameChannel. (Id. ¶ 15.) DSS makes and sells web-enabled picture frames and partnered with Frame Media to allow FrameChannel to provide photo-sharing services for its web-enabled picture frames. (Id. ¶¶ 16, 17.) Ceiva alleges that these actions constitute infringement of the '573 Patent in violation of 35

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-00636-JVS (RNBx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | Ceiva Logic Inc. v. Frame Media Inc., et al. | | |

U.S.C. § 271.  (Id. ¶¶ 18-24.)

On June 9, 2009, the Court granted summary judgment in favor of Ceiva, finding that Frame Media's photo sharing system infringed on claims 1, 6, and 7 of the '573 Patent.  (Docket No. 116.)  The Court also granted Frame Media's and DSS's motion to stay pending inter partes reexamination of the patent by the U.S. Patent and Trademark Office ("PTO").  (Docket No. 117.)  Considering that the PTO's initial office action rejected claims 1 and 7, and considering that claim 6 was dependent on claim 1, the Court declined to issue a preliminary injunction because Ceiva did not demonstrate a likelihood of successfully demonstrating that claim 6 is valid.  (See Docket No. 116, at 11-15.)

On reexamination, the PTO cancelled claims 1 and 7 of the '573 Patent.  (Docket No. 146-1.)  Claim 6 was not subject to reexamination.  (Id.)  Claim 6 is dependent on independent claim 1 and reads: [t]he system of claim 1 wherein input to said user interface is permitted when said user is authenticated by said at least one server system."  (Keeton Decl., Ex. 1, Docket No. 100-1.)

II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a "party may apply to the court for a default judgment."  Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the Court.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  The Court will consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  Eitel, 782 F.2d at 1471-72.  Local Rule 55-1 requires an application for default judgment to be accompanied by a declaration including the following information: "(a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person . . .; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2)."

On an application for a default judgment, the factual allegations in the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-00636-JVS (RNBx)  Date  December 19, 2014

Title  Ceiva Logic Inc. v. Frame Media Inc., et al.

are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d, 1261, 1267 (9th Cir. 1992); cf. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973) ("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability").

III. DISCUSSION

Ceiva's motions for default judgment seek liability as to the claim for infringement of the '573 Patent, permanent injunctive relief, and an exceptional case determination warranting attorneys' fees. The Court considers each request below.

### A. Application of Default Judgment Standard

Local Rule 55-1 has been satisfied. Ceiva has set forth that the Court entered default against DSS on November 7, 2014, struck its answer and amended answer to the Complaint, and mailed the notice and motion to DSS's last known address.[1] (Covello Decl. re DSS ¶¶ 4-6, Docket No. 170-2.) Ceiva has also set forth that the Court entered default against Frame Media on July 1, 2014, struck its answer and amended answer to the Complaint, and mailed the notice and motion to Frame Media's last known address. (Covello Decl. re Frame Media ¶¶ 4-7, Docket No. 167-2.) Factors (c) and (d) of L.R. 55-1 do not apply in this case.

The Eitel factors favor default judgment. The first favors default judgment because Ceiva has expended effort and incurred costs and fees in prosecuting this action. The Court entered default against Frame Media on July 1, 2014 and entered default against DSS on November 7, 2014. (Docket Nos. 161, 169.) Both parties have since

---

[1] Fed. R. Civ. P. 55(b)(2) and Local Rule 55-1 require that a party seeking default judgment must serve any party who has appeared in the action with written notice of the motion. In a previous Order this Court noted that Ceiva has been unable to contact DSS and thus "[s]ervice upon DSS at its last known address will satisfy this requirement." (Order, Docket No. 168, citing Ringgold Corp. v. Worrall, 880 F.2d 1138, 1142 (9th Cir. 1989).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-00636-JVS (RNBx) | Date | December 19, 2014 |
| Title | Ceiva Logic Inc. v. Frame Media Inc., et al. | | |

been nonresponsive. As such, the Court finds that the first Eitel factor favors default judgment.

The second and third factors also favor default judgment. The factual allegations contained in the Complaint, now taken as true, establish that Frame Media's and DSS's product infringes on the '573 Patent. Similarly, this establishes no chance of dispute of material fact, and therefore the fifth factor favors default judgment.

The fourth factor favors default judgment, as Ceiva does not seek damages but rather seeks an order permanently enjoining Frame Media and DSS from infringing on the '573 Patent.

The sixth factor favors entry of default judgment as well. Frame Media and DSS both filed answers to the Complaint and counterclaims (Docket Nos. 11, 13), so both were aware of Ceiva's allegations that they were infringing on the '573 Patent. In light of Frame Media's and DSS's knowledge of the present action, the sixth factor favors entry of default judgment because it is clear that the default was not due to excusable neglect.[2]

The seventh factor never favors default judgment. Ultimately, a balancing of the Eitel factors strongly favors default judgment in this case.

B.   **Patent Infringement**

To establish a claim for direct patent infringement under the first subsection of § 271, a plaintiff must show that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a).

---

[2] The Court notes that both Frame Media and DSS are corporations who are not presently represented by counsel. While corporations may not represent themselves, both Frame Media and DSS had sufficient time and notice to secure new counsel. Their failure to respond to the present motions, while perhaps due to their unrepresented status, is not excusable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-00636-JVS (RNBx)           Date   December 19, 2014

Title   Ceiva Logic Inc. v. Frame Media Inc., et al.

Here, Ceiva has established a claim for patent infringement based on dependent claim 6, as it is presumed valid despite its dependence on an invalid independent claim. 35 U.S.C. § 282(a) ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."). Ceiva alleges that both Frame Media and DSS "use, offer to sell, and sell within the United States, and/or import into the United States, products [and/or ]systems for distributing image data to digital picture frames that infringe the claims of the '573 [P]atent." (Compl. ¶ 19.) Because factual allegations are taken as true, Ceiva is entitled to default judgment.

### C.     Willful Infringement

"[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This is an objective inquiry that does not implicate the state of mind of the accused infringer. Id. After establishing this threshold element, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." Id.

Ceiva alleges that Frame Media and DSS "are, and were, aware of the '573 [P]atent" and "willfully infringed" the '573 Patent. (Compl. ¶¶ 21-22.) Given Frame Media's and DSS's default, this allegation must be taken as true and thus Ceiva is entitled to default judgment on the issue of willfulness.

### D.     Injunctive Relief

Ceiva also seeks a permanent injunction against Frame Media and DSS. (Docket Nos. 167, 170.) To be entitled to injunctive relief for patent infringement,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-00636-JVS (RNBx) | Date | December 19, 2014 |
| Title | Ceiva Logic Inc. v. Frame Media Inc., et al. | | |

> the plaintiff and defendant, a remedy in equity is warranted; and
> (4) that the public interest would not be disserved by a
> permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The Court finds a permanent injunction appropriate. As set forth above, the Court has found Frame Media and DSS liable for infringement of the '573 Patent. Ceiva has demonstrated that it is likely to succeed on the merits should the matter proceed to trial and that it has suffered irreparable harm. (See Compl. ¶¶ 23-24.) Additionally, given the difficulty of determining exact damages, monetary compensation may be inadequate. Frame Media and DSS have been nonresponsive to this litigation, indicating that Ceiva would have no other way aside from a permanent injunction to stop Frame Media's and DSS's infringement. An injunction would pose little additional hardship to Frame Media and DSS because it would simply enjoin them from engaging in further illegal infringement. The public interest will be served by upholding Ceiva's valuable intellectual property.

Accordingly, the Court grants the motions and permanently enjoins Frame Media and DSS from further infringement of the '573 Patent.

### E. Exceptional Case Determination

Pursuant to 35 U.S.C. § 285 of the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc.,134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. Sanctionable conduct under Federal Rule of Civil Procedure 11 is not the benchmark because "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Id. at 1756-57. The moving party need only show by a preponderance of the evidence that it is entitled to fees under § 285. Id. at 1758.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-00636-JVS (RNBx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | Ceiva Logic Inc. v. Frame Media Inc., et al. | | |

In the context of default, a pleading that infringement was willful is sufficient to establishes entitlement to attorneys' fees.  See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (finding pleading of "willfulness" sufficient to support award of attorneys' fees under the Lanham Act); see also Rubbermaid Commercial Prod., LLC v. Trust Commercial Prod., No. 2:13-CV-02144-GMN-GWF, 2014 WL 4987878, at *6 (D. Nev. Aug. 22, 2014) (making exceptional case determination pursuant to 35 U.S.C. § 285 in willful patent infringement default judgment, citing Derek Andrew, 528 F.3d at 702).

As discussed above, Ceiva has established that Frame Media and DSS willfully infringed on the '573 Patent.  This is sufficient to support an exceptional case determination pursuant to 35 U.S.C. § 285.  Accordingly, this case is deemed exceptional and Ceiva is entitled to an award of reasonable attorneys' fees.  Ceiva should submit a request for fees within thirty (30) days.

IV.     CONCLUSION

For the foregoing reasons, Ceiva's motions for default judgment and for a permanent injunction are GRANTED.   **Counsel for Ceiva shall prepare, serve and submit, within seven (7) days, proposed judgments in accordance with the Court's order.**

Ceiva is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.  Ceiva should submit a request for fees within thirty (30) days.

IT IS SO ORDERED.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |